UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                                    Plaintiff,

          v.

Case No. _____

**COMPLAINT**

SATIN WAVE LTD
c/o Ronald Sherrill Jr., Registered Agent
6446 W. Fond du Lac Avenue
Milwaukee, WI 53218-4917,

THE ESTATE OF RONALD SHERRILL, SR.
c/o Sara L. Eberhardy, Personal Representative
Eberhardy & Eberdardy, LLP
4600 S. Packard Ave., Suite #3
Cudahy, WI 53110

KIMYRON BONNER
4015 19th Street
Racine, WI 53405-3737,

RONALD SHERRILL JR.
4054A North 24th Place
Milwaukee, WI 53209,

DARRON SHERRILL
329 Rose Lane
Saint Paul, MN 55117-1651,

ANTHONY M. FISHER
5124 Millenia Waters Drive, Apt. 2108
Orlando, FL 32839-1870,

DEPARTMENT OF CHILDREN & FAMILIES
P.O. Box 8938
Public Assistance Collection Unit
Madison, WI 53708-8938,

PAULUS CONSTRUCTION LLC
c/o Peter N. Paulus, Registered Agent
W5011 County Highway H
Fredonia, WI 53021

WISCONSIN DEPARTMENT OF REVENUE
2135 Rimrock Road
Madison, WI 53713,

CITY OF MILWAUKEE
200 E. Wells Street
Milwaukee, WI 53202,

CONCORDIA UNIVERSITY INC.
c/o Allen Prochnow, Registered Agent
12800 North Lake Shore Drive
Mequon, WI 53097-2418,

ASSET ACCEPTANCE LLC
c/o CSC, Registered Agent
8040 Excelsior Drive, STE 400
Madison, WI 53717,

CAPITAL ONE BANK USA NA
1680 Capital One Drive
McLean, VA 22102,

LIVINGSTON FINANCIAL LLC
c/o Messerli & Kramer PA
3033 Campus Dr., STE 250
Plymouth MN 55441,

DCFS Trust
P.O. Box 551080
Jacksonville FL 32255,

DEPARTMENT OF WORKFORCE DEVELOPMENT
P.O. Box 7946
Madison, WI 53707-7946,

                    Defendants.

---

   Comes now the plaintiff, the United States of America, by Matthew D. Krueger, United

States Attorney for the Eastern District of Wisconsin, and Carter B. Stewart, Assistant United

States Attorney for said District, and for its cause of action alleges that:

   1.     This is a civil action brought by the United States of America under the provisions

of 28 U.S.C. §1345 to foreclose upon real estate held by Defendants Satin Wave LTD, Kimyron

Bonner, Ronald Sherrill Jr., Darron Sherrill and Anthony M. Fisher.

2.	On or about November 10, 2010, Ronald Sherrill, Sr. as President of Satin Wave

LTD and individually, executed and delivered to plaintiff, acting through the U.S. Small

Business Administration, a Loan Authorization and Agreement, a copy of which is attached as

Exhibit A.

3.	Ronald Sherriff. Sr. as President of Satin Wave LTD and individually, executed

and delivered to plaintiff, acting through the U.S. Small Business Administration, the following

promissory notes:

| Date | Amount | Exhibit (hereto annexed) |
|------|--------|--------------------------|
| December 1, 2010 | $83.400.00 | B |
| May 17, 2011 | $83,400.00 | C |
| September 7, 2011 | $103,900.00 | D |

4.	To secure said notes, Ronald Sherrill, Sr. as President of Satin Wave LTD and

individually, executed and delivered to plaintiff the following duly recorded mortgage upon

certain real estate within the jurisdiction of this Court:

| Date | Exhibit (hereto annexed) |
|------|--------------------------|
| December 1, 2010 | E |

5.	On January 10, 2012, the U.S. Small Business Administration agreed to reduce

the balance of the loan to $86,000.00.   A letter detailing that agreement is attached hereto as

Exhibit F.

6.	On or about October 19, 2013, Ronald Sherrill, Sr. passed away.   A Probate

Estate was created by the filing of a Petition in Probate Court for Milwaukee County, Wisconsin,

Case Number 2013PR001949.   On May 16, 2016, the Court ordered that the real estate be

deeded over to the four heirs, namely Kimyron Bonner, Ronald Sherrill, Jr., Darren Sherrill and Anthony M. Fisher.   A copy of the Personal Representative's Deed is attached as Exhibit G.

7.     Satin Wave LTD and the estate of Ronald Sherrill, Sr. have failed to make the required payments towards the above debts and, therefore, have defaulted under the terms of the applicable loan instruments.

8.     Satin Wave LTD and the estate of Ronald Sherrill, Sr. being in default, plaintiff served upon them a Notice of Default & Acceleration of Promissory Note, a copy of which is hereto annexed as Exhibit H.

9.     Under the applicable loan instruments, the balance on the loan was $101,470.15 as of February 6, 2019 with interest accruing thereafter at the daily rate of $9.66.   A Statement of Account is attached hereto as Exhibit I.

10.     The other defendants purport to have interest in the mortgaged premises but any such interests are junior and subordinate to the interest of the plaintiff.

WHEREFORE, plaintiff prays that an accounting be taken under the direction of this Court of what is due for principal and interest on the notes and mortgage, and that a decree be entered as follows:

(a)     That Satin Wave LTD and the estate of Ronald Sherrill, Sr. pay to plaintiff the total of $101,470.15 together with interest from February 6, 2019 at the rate of $9.66 per day computed as provided in the notes and mortgage up to the date on which the decree is entered, plus interest thereafter according to law, costs, disbursements, and expenses;

(b)     Or in default of such payment, that all legal right, title, and interest that defendants have in the property described in said mortgage be sold at public sale in accordance with 28 U.S.C. §§2001-2003, inclusive, and that the amounts due to plaintiff be paid out of the

proceeds of the sale;

        (c)     That the defendants and all persons claiming or who may claim by, from, or under them be absolutely barred and foreclosed from all rights and equity of redemption in the property,

        (d)     That if the proceeds of the sale exceed the sum of money to be paid to plaintiff, any such excess be deposited with the Clerk of this Court subject to further orders of the Court;

        (e)     For such other and further relief as is just.

Dated at Milwaukee, Wisconsin this 19th day of March, 2019.

                                MATTHEW D. KRUEGER
                                United States Attorney

               By     *s/Carter B. Stewart*

                                CARTER B. STEWART
                                Assistant United States Attorney
                                Illinois State Bar No. 6300958
                                Office of the United States Attorney
                                Federal Building, Room 530
                                517 East Wisconsin Avenue
                                Milwaukee, Wisconsin   53202
                                Telephone:   414-297-1700
                                Fax: 414-297-4394
                                carter.stewart@usdoj.gov

Secured Business Disaster Loan

# U.S. Small Business Administration

## LOAN AUTHORIZATION AND AGREEMENT

Date: November 10, 2010

On the above date, this Administration (SBA) authorized (under Section 7(b) of the Small Business Act, as amended) a Loan (Loan Number DLB 3912086007) to SATIN WAVE, LTD. and RONALD SHERRILL (Borrower) of 6446 W FOND DU LAC AVE, MILWAUKEE, WI 53218 in the amount of Eighty-Three Thousand Four Hundred And 00/100 ($83,400.00) Dollars upon the following conditions:

1. **PAYMENT TERMS**

   A. Interest will accrue at the rate of 4.000% per annum; installment payments, including principal and interest, of Five Hundred Eighteen And 00/100 ($518.00) Dollars monthly, will begin Five (5) months from the date of the promissory Note. The balance of principal and interest will be payable Twenty (20) years from the date of the promissory Note.

   B. Each payment will be applied first to interest accrued to the date of receipt of each payment, and the balance, if any, will be applied to principal.

   C. Each payment will be made when due even if at that time the full amount of the Loan has not yet been advanced or the authorized amount of the Loan has been reduced.

   D. Interest will accrue only on funds actually advanced from the date(s) of each advance.

2. **COLLATERAL**

   Borrower will provide the following collateral:

   A. Deed of Trust/Mortgage on real estate located at 6446 W FOND DU LAC AVE, MILWAUKEE, WI 53218.

3. **REQUIREMENTS RELATIVE TO COLLATERAL**

   A. Borrower will submit to SBA evidence of SBA's recorded lien position and of payment of appropriate fees prior to the disbursement of Loan funds in excess of $14,000.00. Such evidence will be in a form satisfactory to SBA Counsel and will be at Borrower's expense.

   B. Borrower will not sell or transfer any collateral (except normal inventory turnover in the ordinary course of business) described in paragraph 2 hereof without the prior written consent of SBA.

   C. Borrower will neither seek nor accept future advances under any superior liens on the collateral securing this Loan without the prior written consent of SBA.

4. **USE OF LOAN PROCEEDS**

   Borrower will use the proceeds of this Loan solely to rehabilitate or replace property of Borrower, damaged or destroyed by disaster occurring in the month of JULY, 2010. Borrower will apply all Loan proceeds to the following specific uses:

   A. Economic Injury:

Case 2:19-cv-00398-LA Filed 03/19/19 Page 1 of 7 Document 1-1

**Exhibit A**

(1) Approximately $5,600.00 for working capital to alleviate economic injury caused by disaster occurring JULY, 2010.

B. Property located at 6446 W FOND DU LAC AVE, MILWAUKEE, WI 53218:

    (1) Approximately $59,900.00 to repair/replace disaster damaged real estate located at 6446 W FOND DU LAC AVE, MILWAUKEE, WI 53218.

    (2) Approximately $17,200.00 to repair/replace disaster damaged machinery and equipment.

    (3) Approximately $700.00 to repair/replace disaster damaged furniture and fixtures.

## 5. REQUIREMENTS FOR USE OF LOAN PROCEEDS AND RECEIPTS

A. Borrower will obtain and itemize receipts (paid receipts, paid invoices or cancelled checks) and contracts for all Loan funds spent and retain these receipts for 3 years from the date of the final disbursement. Prior to each subsequent disbursement (if any) and whenever requested by SBA, Borrower will submit to SBA such itemization together with copies of the receipts.

B. Borrower will make the damaged, repaired or replacement property(ies) available to SBA for inspection and verification of the use of Loan proceeds when so requested.

C. Borrower will return to SBA, as soon as possible but not later than 1 year from the date of final disbursement, all funds received but not used for disaster repairs as authorized by the above paragraph. Funds so returned will be used to reduce the outstanding balance of this Loan and will not be applied in lieu of scheduled payments.

D. Borrower will not use any proceeds of this Loan to pay wages or any other compensation for repair work performed by Borrower or members of Borrower's immediate family, or to pay overhead or profit for repairs performed by, or materials acquired from, a business in which Borrower owns a 50% or greater interest.

E. Borrower will not use, directly or indirectly, any portion of the proceeds of this Loan to relocate without the prior written permission of SBA. The law prohibits the use of any portion of the proceeds of this Loan for voluntary relocation from the business area in which the disaster occurred. To request SBA's prior written permission to relocate, Borrower will present to SBA the reasons therefore and a description or address of the relocation site. Determinations of (1) whether a relocation is voluntary or otherwise, and (2) whether any site other than the disaster-affected location is within the business area in which the disaster occurred, will be made solely by SBA.

F. Borrower will, to the extent feasible, purchase only American-made equipment and products with the proceeds of this Loan.

G. Borrower will make any request for a loan increase for additional disaster-related damages as soon as possible after the need for a loan increase is discovered. The SBA will not consider a request for a loan increase received more than two (2) years from the date of the original Loan Authorization and Agreement unless, in the sole discretion of the SBA, there are extraordinary and unforeseeable circumstances beyond the control of the borrower.

## 6. DEADLINE FOR RETURN OF LOAN CLOSING DOCUMENTS

**Borrower will sign and return the loan closing documents to SBA within 2 months of the date of this Loan Authorization and Agreement.** By notifying the Borrower in writing, SBA may cancel this Loan if the Borrower fails to meet this requirement. The Borrower may submit and the SBA may, in its sole discretion, accept documents after 2 months of the date of this Loan Authorization and Agreement.

## 7. AGREEMENT TO REMIT AND ASSIGNMENT OF COMPENSATION FROM OTHER SOURCES

A. Eligibility for this disaster Loan is limited to disaster losses that are not compensated by other sources. Other sources include but are not limited to: (1) proceeds of policies of insurance or other indemnifications, (2) grants or

Case 2:19-cv-00398-LA   Filed 03/19/19   Page 2 of 7   Document 1-1

other reimbursement (including loans) from government agencies or private organizations, (3) claims for civil liability against other individuals, organizations or governmental entities, and (4) salvage (including any sale or re-use) of items of damaged property.

**B.** Borrower will promptly notify SBA of the existence and status of any claim or application for such other compensation, and of the receipt of any such compensation, and Borrower will promptly submit the proceeds of same (not exceeding the outstanding balance of this Loan) to SBA.

**C.** Borrower hereby assigns to SBA the proceeds of any such compensation from other sources and authorizes the payor of same to deliver said proceeds to SBA at such time and place as SBA shall designate.

**D.** SBA will in its sole discretion determine whether any such compensation from other sources is a duplication of benefits. SBA will use the proceeds of any such duplication to reduce the outstanding balance of this Loan, and Borrower agrees that such proceeds will not be applied in lieu of scheduled payments.

## 8. REQUIREMENTS FOR REAL ESTATE CONSTRUCTION OR REPAIR

**A.** Prior to disbursement of Loan funds in excess of $14,000.00 for real estate construction or repair, Borrower will submit evidence satisfactory to SBA that all insurance proceeds and other funds received for disaster damages to the real estate, and any other funds necessary to complete the construction/repair project, have been spent for the repair or replacement of the disaster damaged real estate.

**B.** Prior to disbursement of Loan funds in excess of $14,000.00 for real estate construction, repair, or mitigation, Borrower will submit a copy of a valid building permit, or written evidence from proper authority that a building permit is not required.

**C.** Prior to any disbursement of Loan funds for real estate construction, repair, or mitigation, Borrower will submit:

    (1) A written construction contract covering the cost of repair/construction/mitigation work satisfactory to SBA. This contract will not exceed the amount of this Loan allocated for repair or construction of real estate, unless Borrower demonstrates the availability of any additional funds needed in excess of that amount at terms satisfactory to SBA.

    (2) Written evidence that contractor(s) has builder's risk and workman's compensation insurance.

Any of the above requirements may be waived in writing by and at the discretion of SBA. Borrower will not change any of the above without the prior written consent of SBA.

**D.** Prior to any disbursement of Loan funds for real estate construction or repair, Borrower will execute and submit SBA Form 601.

**E.** Borrower will not use lead-based paint on any interior surface of any residential structure, and those exterior surfaces of residential structures such as stairs, porches, windows, and doors, which are readily accessible to children under 7 years of age. If lead-based paint is improperly used, the Borrower will be required to remove the paint and repaint the affected area at the Borrower's expense.

**F.** Prior to disbursement of Loan funds for real estate construction of a new building or new addition to an existing building, the Borrower will submit evidence satisfactory to SBA, that the construction conforms to the "National Earthquake Hazards Reduction Program (NEHRP) Recommended Provisions for the Development of Seismic Regulations for New Buildings". This evidence shall be in the form of a certificate by a licensed construction engineer, architect, or similar professional.

## 9. DUTY TO MAINTAIN INSURANCE

**A.** Prior to disbursement of Loan Funds in excess of $14,000.00, Borrower will purchase hazard insurance, including fire, lighting, and extended coverage on the damaged property, including contents, and the collateral for this loan, in an amount equal to 80% of the insurable value of each property or the minimum coinsurance requirement set

forth in the insurance policy provided by the Borrower, whichever is greater, or such other amounts and types of coverage as SBA may require. Borrower will provide proof of such hazard insurance coverage to SBA together with an endorsement naming SBA as mortgagee or loss payee, and Borrower will maintain such coverage throughout the entire term of this Loan.

## 10. BOOKS AND RECORDS

A. Borrower will maintain current and proper books of account in a manner satisfactory to SBA for the most recent 5 years until 3 years after the date of maturity, including extensions, or the date this Loan is paid in full, whichever occurs first. Such books will include Borrower's financial and operating statements, insurance policies, tax returns and related filings, records of earnings distributed and dividends paid and records of compensation to officers, directors, holders of 10% or more of Borrower's capital stock, members, partners and proprietors.

B. Borrower authorizes SBA to make or cause to be made, at Borrower's expense and in such a manner and at such times as SBA may require: (1) inspections and audits of any books, records and paper in the custody or control of Borrower or others relating to Borrower's financial or business conditions, including the making of copies thereof and extracts therefrom, and (2) inspections and appraisals of any of Borrower's assets.

C. Borrower will furnish to SBA, not later than 3 months following the expiration of Borrower's fiscal year and in such form as SBA may require, Borrower's financial statements.

D. Upon written request of SBA, Borrower will accompany such statements with an "Accountant's Review Report" prepared by an independent public accountant at Borrower's expense.

E. Borrower authorizes all Federal, State and municipal authorities to furnish reports of examination, records and other information relating to the conditions and affairs of Borrower and any desired information from such reports, returns, files, and records of such authorities upon request of SBA.

## 11. DISTRIBUTIONS AND COMPENSATION

A. Borrower will not, without the prior written consent of SBA, make any distribution of Borrower's assets, or give any preferential treatment, make any advance, directly or indirectly, by way of loan, gift, bonus, or otherwise, to any owner or partner or any of its employees, or to any company directly or indirectly controlling or affiliated with or controlled by Borrower, or any other company.

B. Borrower will not, without the prior written consent of SBA, declare or pay any dividend or make any distribution upon its capital stock or corporate assets, or purchase or retire any of its capital stock, or consolidate, or merge with any other company, or give any preferential treatment, make any advance, directly or indirectly, by way of loan, gift, bonus, or otherwise, to any company directly or indirectly controlling or affiliated with or controlled by Borrower, or any other company, or to any officer, director or employee of Borrower, or of any such company. A Sub-chapter S corporation may make distribution to shareholders for the payment of tax liability attributable to corporate earnings.

## 12. OTHER CONDITIONS

A. If Borrower has or intends to have employees, Borrower will post SBA Form 722, "Equal Opportunity Poster", in Borrower's place of business where it will be clearly visible to employees, applicants for employment, and the general public.

B. Prior to disbursement of any Loan funds, Borrower will execute and submit Board of Directors' Resolution on SBA Form 160.

## 13. BORROWER'S CERTIFICATIONS

Borrower certifies that:

Case 2:19-cv-00398-LA   Filed 03/19/19   Page 4 of 7   Document 1-1

A. There has been no substantial adverse change in Borrower's financial condition (and organization, in case of a business borrower) since the date of the application for this Loan. (Adverse changes include, but are not limited to: judgment liens, tax liens, mechanic's liens, bankruptcy, financial reverses, arrest or conviction of felony, etc.)

B. No fees have been paid, directly or indirectly, to any representative (attorney, accountant, etc.) for services provided or to be provided in connection with applying for or closing this Loan, other than those reported on SBA Form 5, "Business Disaster Loan Application"; or SBA Form 159, "Compensation Agreement". All fees not approved by SBA are prohibited.

C. All representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and complete and are offered to induce SBA to make this Loan.

D. No claim or application for any other compensation for disaster losses has been submitted to or requested of any source, and no such other compensation has been received, other than that which Borrower has fully disclosed to SBA.

E. Neither the Borrower nor, if the Borrower is a business, any principal who owns at least 50% of the Borrower, is delinquent more than 60 days under the terms of any: (a) administrative order; (b) court order; or (c) repayment agreement that requires payment of child support.

F. Borrower certifies that no fees have been paid, directly or indirectly, to any representative (attorney, accountant, etc.) for services provided or to be provided in connection with applying for or closing this Loan, other than those reported on the Loan Application. All fees not approved by SBA are prohibited. If an Applicant chooses to employ an Agent, the compensation an Agent charges to and that is paid by the Applicant must bear a necessary and reasonable relationship to the services actually performed and must be comparable to those charged by other Agents in the geographical area. Compensation cannot be contingent on loan approval. In addition, compensation must not include any expenses which are deemed by SBA to be unreasonable for services actually performed or expenses actually incurred. Compensation must not include charges prohibited in 13 CFR 103 or SOP 50-30, Appendix 1. **If the compensation exceeds $500 for a disaster home loan or $2,500 for a disaster business loan, Borrower must fill out the Compensation Agreement Form 159D which will be provided for Borrower upon request or can be found on the SBA website.**

G. The Borrower(s) are the owner(s) of and hold legal title to certain real estate property fully described in Section 2 - Collateral. Said premises are in my/our possession, and my/our title thereto has never been disputed or questioned as to any part thereof. Said premises are free of all mortgages, taxes, assessments, liens, encumbrances, and claims, or interest of any other party, except as listed in Section 2 of this document. There are no actions pending affecting said real property.

## 14. CIVIL AND CRIMINAL PENALTIES

A. <u>Criminal Penalties:</u> Any person who knowingly makes a false statement or misrepresentation to SBA shall be subject to a fine of not more than $10,000.00 or to imprisonment for not more than 5 years, or both, under provisions of 18 U.S.C. 1001 and/or 15 U.S.C. 645.

B. <u>Civil Penalties:</u> Public Law 92-385 provides that for all disaster Loans made after August 16, 1972, anyone who wrongfully misapplies the proceeds of a disaster Loan shall be civilly liable to the Administrator in an amount equal to one and one-half times the original principal amount of the Loan.

## 15. RESULT OF VIOLATION OF THIS LOAN AUTHORIZATION AND AGREEMENT

A. If Borrower violates any of the terms or conditions of this Loan Authorization and Agreement, the Loan will be in default and SBA may declare all or any part of the indebtedness immediately due and payable. SBA's failure to exercise its rights under this paragraph will not constitute a waiver.

B. A default (or any violation of any of the terms and conditions) of any SBA Loan(s) to Borrower and/or its affiliates will be considered a default of all such Loan(s).

16. DISBURSEMENT OF THE LOAN

    A.   Disbursements will be made by and at the discretion of SBA Counsel, in accordance with this Loan Authorization and Agreement and the general requirements of SBA.

    B.   Disbursements may be made in increments as needed.

    C.   Other conditions may be imposed by SBA pursuant to general requirements of SBA.

    D.   Disbursement may be withheld if, in SBA's sole discretion, there has been an adverse change in Borrower's financial condition or in any other material fact represented in the Loan application, or if Borrower fails to meet any of the terms or conditions of this Loan Authorization and Agreement.

    E.   **NO DISBURSEMENT WILL BE MADE LATER THAN 6 MONTHS FROM THE DATE OF THIS LOAN AUTHORIZATION AND AGREEMENT UNLESS SBA, IN ITS SOLE DISCRETION, EXTENDS THIS DISBURSEMENT PERIOD.**

17. PARTIES AFFECTED

    A.   This Loan Authorization and Agreement will be binding upon Borrower and Borrower's successors and assigns and will inure to the benefit of SBA and its successors and assigns.

Case 2:19-cv-00398-LA   Filed 03/19/19   Page 6 of 7   Document 1-1

18. DATE

A. This Loan Authorization and Agreement is approved and issued on <u>November 10, 2010</u>.

<u>Administrator</u>
Karen G. Mills

*James E. Rivera*

James E. Rivera
Associate Administrator
U.S. Small Business Administration

The undersigned agree(s) to be bound by the terms and conditions herein during the term of this Loan, and further agree(s) that no provision stated herein will be waived without prior written consent of SBA.

**Corporate Execution:**

SATIN WAVE, LTD.
By: _____
RONALD SHERRILL, PRESIDENT

**)RIGINAL** By: _____
RONALD SHERRILL, SECRETARY

<u>12-16-10</u>
Date

<u>12-16-10</u>
Date

**Individual Execution:**
_____
RONALD SHERRILL, INDIVIDUALLY

<u>12-16-10</u>
Date

<u>Note:</u> Corporate Borrowers must execute Loan Authorization and Agreement in corporate name, by a duly authorized officer, and a seal must be affixed and duly attested; partnership Borrowers must execute in firm name, together with signature of a general partner. Limited liability entities must execute in the entity name by the signature of the authorized managing person.

Case 2:19-cv-00398-LA   Filed 03/19/19   Page 7 of 7   Document 1-1

|   U.S. Small Business Administration | U.S. Small Business Administration | **Date:** December 1, 2010 |
|---|---|---|
| | **NOTE** | **Loan Amount:** $83,400.00 |
| | (SECURED DISASTER LOANS) | **Annual Interest Rate:** 4.000% |

**Application # 0004450882**    **Loan # DLB 3912086007**

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of **Eighty-Three Thousand Four Hundred And 00/100** Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS:** A) "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. B) "Guarantor" means each person or entity that signs a guarantee of payment of this Note. C) "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of **$518.00** every **month** beginning **Five (5)** months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable **Twenty (20) years** from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: A) Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; B) Defaults on any other SBA loan; C) Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; D) Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; E) Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; F) Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; G) Fails to pay any taxes when due; H) Becomes the subject of a proceeding under any bankruptcy or insolvency law; I) Has a receiver or liquidator appointed for any part of their business or property; J) Makes an assignment for the benefit of creditors; K) Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; L) Dies; M) Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or N) Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may; A) Require immediate payment of all amounts owing under this Note; B) Have recourse to collect all amounts owing from any Borrower or Guarantor; C) File suit and obtain judgment; D) Take possession of any Collateral; or E) Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: A) Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; B) Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; C) Release anyone obligated to pay this Note; D) Compromise, release, renew, extend or substitute any of the Collateral; and E) Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. **FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. **GENERAL PROVISIONS:** A) All individuals and entities signing this Note are jointly and severally liable. B) Borrower waives all suretyship defenses. C) Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. D) SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. E) Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. F) If any part of this Note is unenforceable, all other parts remain in effect. G) To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. H) SBA may sell or otherwise transfer this Note.

SBA FORM 147 B (5-00)

Case 2:19-cv-00398-LA   Filed 03/19/19   Page 1 of 1   Document 1-2

**Exhibit B**



| | U.S. Small Business Administration<br><br>**FIRST Modification of NOTE**<br><br>(SECURED DISASTER LOANS) | Date:: May 17, 2011 |
| --- | --- | --- |
| | | Loan Amount: $83,400.00 |
| | | Annual Interest Rate: 4.000% |

**Application # 0004450882**                    **Loan # DLB 3912086007**

1.  **NOTE:** The "Note" is the SBA note signed by Borrower, dated **December 1, 2010** in the amount of **Eighty-Three Thousand Four Hundred And 00/100 Dollars**, payable to SBA, including any modifications.

2.  **CURRENT PAYMENT TERMS:** Including terms modified by this agreement, the current payment terms of the Note are:
The loan amount is **Eighty-Three Thousand Four Hundred And 00/100 Dollars**. The interest rate is **4.000%** per year. Payments of **$531.00** are due every **MONTH** beginning **September 1, 2011**. All remaining principal and accrued interest is due and payable on **December 1, 2030.**

3.  **TERMS HISTORY:** For ease of reference only, original and modified Note terms are:

| | Original Note | This Modification |
| --- | --- | --- |
| Date | December 1, 2010 | May 17, 2011 |
| Note Amount | $83,400.00 | $83,400.00 |
| Interest Rate | 4.000% | 4.000% |
| Payments | $518.00, Monthly | $531.00, Monthly |
| Maturity Date | December 1, 2030 | December 1, 2030 |

4.  **EFFECT OF THIS MODIFICATION:** All terms of the Note remain unchanged by this agreement except terms that are expressly modified. This Modification of Note becomes a part of the original Note and has the same effect as if its terms were in the original Note when it was signed.

5.  **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

Corporate Execution:

SATIN WAVE, LTD.

By: _RONALD SHERRILL_
RONALD SHERRILL, PRESIDENT

By: _RONALD SHERRILL_
RONALD SHERRILL, SECRETARY

Individual Execution:

_RONALD SHERRILL_
RONALD SHERRILL, INDIVIDUALLY

**ORIGINAL**

Case 2:19-cv-00398-LA   Filed 03/19/19   Page 1 of 2   Document 1-3

**Exhibit C**

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

Corporate Seal

Corporate Execution:

SATIN WAVE, LTD.

By: _____
RONALD SHERRILL, PRESIDENT

By: _____
RONALD SHERRILL, SECRETARY

Individual Execution:

_____
RONALD SHERRILL, INDIVIDUALLY

# ORIGINAL



| U.S. Small Business Administration | **Date:** September 7, 2011 |
| SECOND Modification of NOTE | **Loan Amount:** $103,900.00 |
| (SECURED DISASTER LOANS) | **Annual Interest Rate:** 4.000% |

Application # 0004450882      Loan # DLB 3912086007

1. **NOTE:** The "Note" is the SBA note signed by Borrower, dated December 1, 2010 in the amount of **Eighty-Three Thousand Four Hundred And 00/100 Dollars**, payable to SBA, including any modifications.

2. **CURRENT PAYMENT TERMS:** Including terms modified by this agreement, the current payment terms of the Note are:
The loan amount is **One Hundred Three Thousand Nine Hundred And 00/100 Dollars.** The interest rate is 4.000% per year. Payments of $674.00 are due every **MONTH beginning December 1, 2011.** All remaining principal and accrued interest is due and payable on December 1, 2030.

3. **TERMS HISTORY:** For ease of reference only, original and modified Note terms are:

| | Original Note | First Modification | This Modification |
|---|---|---|---|
| Date | December 1, 2010 | May 17, 2011 | September 7, 2011 |
| Note Amount | $83,400.00 | $83,400.00 | $103,900.00 |
| Interest Rate | 4.000% | 4.000% | 4.000% |
| Payments | $518.00, Monthly | $531.00, Monthly | $674.00, Monthly |
| Maturity Date | December 1, 2030 | December 1, 2030 | December 1, 2030 |

4. **EFFECT OF THIS MODIFICATION:** All terms of the Note remain unchanged by this agreement except terms that are expressly modified. This Modification of Note becomes a part of the original Note and has the same effect as if its terms were in the original Note when it was signed.

5. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

Corporate Execution:

SATIN WAVE, LTD.

By: _____
RONALD SHERRILL, PRESIDENT

By: _____
RONALD SHERRILL, SECRETARY

Individual Execution:

_____
RONALD SHERRILL, INDIVIDUALLY

**ORIG1NAL**

Case 2:19-cv-00398-LA   Filed 03/19/19   Page 1 of 1   Document 1-4

**Exhibit D**

DOC.# 09956900

RECORDED    01/07/2011  10:31AM
           JOHN LA FAVE
         REGISTER OF DEEDS
       Milwaukee County, WI|
       AMOUNT:        30.00
       FEE EXEMPT #:

## MORTGAGE
### (Direct)
Document Name

Document Number

MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS ADMINISTRATION
801 Tom Martin Drive Suite 120
Birmingham, AL 35211

THIS INSTRUMENT PREPARED BY AND
WHEN RECORDED MAIL TO:
U.S. SMALL BUSINESS ADMINISTRATION
14925 Kingsport Road
Fort Worth, TX 76155-2243

SATIN WAVE, LTD. ET AL
Application: 0004450882 / DLB 3912086007

U.S. SMALL BUSINESS ADMINISTRATION
14925 Kingsport Road
Fort Worth, TX 76155-2243

226-0546-000-7

Parcel Identification Number (PIN)

This mortgage made and entered into this 1st day of **December, 2010**, by and between **RONALD SHERRILL, A SINGLE PERSON, AND SATIN WAVE, LTD., 6446 W FOND DU LAC AVE, MILWAUKEE, WI 53218** (hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 801 Tom Martin Drive Suite 120, Birmingham, AL 35211.

**WITNESSETH,** that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of **MILWAUKEE**, State of Wisconsin.

**Described in Exhibit "A" attached hereto and made a part hereof.**

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

Case 2:19-cv-00398-LA   Filed 03/19/19   Page 1 of 6   Document 1-5

**Exhibit E**

0004450882 / DLB 3912086007

FOR THE PURPOSE OF SECURING: (1) Payment of the principal and interest as set forth above; (2) Payment of any and all obligations and liability, which are now due or may hereafter become due from Mortgagor; (3) Performance of each agreement of Mortgagor hereincontained; (4) Payment of all sums to be paid to Mortgagee pursuant to the terms hereof.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated **December 1, 2010** in the principal sum of **$83,400.00** and maturing on **December 1, 2030**.

1.  The mortgagor covenants and agrees as follows:

   *a.* He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

   *b.* He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefore to the said mortgagee.

   *c.* He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

   *d.* For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

   *e.* The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

   *f.* He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by

Page 2

mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

    *g.* He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

    *h.* He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

    *i.* He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

    *j.* All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

    *k.* The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2. Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

3. The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

    (I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal [, county, or city/or Commonwealth] courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4. The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5. In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement*.

6. In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

Page 4

7. The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8. No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9. In compliance with section 101.106 of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.106], this instrument is to be construed and enforced in accordance with applicable Federal law. This Mortgage is to be construed and enforced in accordance with Federal law. Mortgagor hereby waives any rights or immunity purportedly conferred by Commonwealth law limiting Mortgagee's right to a deficiency judgment after either a judicial foreclosure or a foreclosure under the power of sale referred to above.

10. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at **6446 W FOND DU LAC AVE, MILWAUKEE, WI 53218** and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 801 Tom Martin Drive Suite 120, Birmingham, AL 35211.

If any one or more of the provisions contained in this Mortgage shall for any reason be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Mortgage.

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

STATE OF WISCONSIN )
COUNTY OF Milwaukee )

This instrument was acknowledged before me on the 29 day of December, 2010, by RONALD SHERRILL and RONALD SHERRILL and RONALD SHERRILL as PRESIDENT and SECRETARY and INDIVIDUALLY of SATIN WAVE LTD.

_____
Notary Public
My Commission Expires: 2/1/13

**Corporate Execution:**

SATIN WAVE, LTD.

By: _____
RONALD SHERRILL, PRESIDENT

By: _____
RONALD SHERRILL, SECRETARY

**Individual Execution:**

_____
RONALD SHERRILL, INDIVIDUALLY

**ORIGINAL**

Page 5

0004450882 / DLB 3912086007

## EXHIBIT "A"

LOTS FOURTEEN (14) AND FIFTEEN (15), BLOCK FOUR (4), SHERMAN GARDENS, BEING A SUBDIVISION OF A PART OF THE NORTHEAST ONE-QUARTER (1/4) OF SECTION THREE (3), IN TOWNSHIP SEVEN (7) NORTH, RANGE TWENTY-ONE (21) EAST, IN THE CITY OF MILWAUKEE, MILWAUKEE COUNTY, WISCONSIN.

More commonly known as: 6446 W FOND DU LAC AVE, MILWAUKEE, WI 53218



**U.S. SMALL BUSINESS ADMINISTRATION**
**Disaster Assistance**
**Processing and Disbursement Center**
**14925 Kingsport Road**
**Fort Worth, Texas 76155**

(817)868-2300
1(800)366-6303
Hearing Impaired
TDD (800) 877-8339

January 10, 2012

Satin Wave, LTD
Ronald Sherrill
6446 W Fond Du Lac Ave.
Milwaukee, WI 53218

RE: SBA Disaster Loan Number: 39120860-07

Dear Mr. Sherrill:

We received your request for a reduction in the amount of your loan.

As a result, your approved disaster loan is reduced to $86,000.00. The interest rate is unchanged and will accrue at the rate of 4.000% per annum. Installment payments are unchanged in the amount of $674.00 beginning February 1, 2012. The maturity term is shortened to 14 years and 10 months.

Paragraph 4, Use of Proceeds, of your Loan Authorization and Agreement is amended as follows:

Borrower will use the proceeds of this Loan solely to rehabilitate or replace property of Borrower, damaged or destroyed by disaster occurring in the month of July, 2010. Borrower will apply all Loan proceeds to the following specific uses:

    A. Economic Injury:

        (1) Approximately $5,600.00 for working capital to alleviate economic injury caused by disaster occurring July, 2010.

    B. Property located at 6446 W Fond Du Lac Ave., Milwaukee, WI 53218.

        (1) Approximately $59,900.00 to repair/replace disaster damaged real estate located at 6446 W Fond Du Lac Ave., Milwaukee, WI 53218.

        (2) Approximately $20,500.00 to install disaster mitigation measures/devices in accordance with plans previously approved by SBA.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.**

**Exhibit F**

You may request reinstatement of the cancelled loan funds. Your request for reinstatement must include the following:

1. **Be in writing** and received by this office **within six (6) months** from the date of this letter.

2. Show that SBA's action to cancel your loan funds was in error or provide justification acceptable to SBA for reinstatement of your loan.

3. A completed, signed and dated (with current date), Federal Income Tax Information Authorization, IRS Form 8821, (enclosed).

This letter should be attached to your Loan Authorization and Agreement, as it is a permanent amendment to it. If you have any questions about this action, please contact our office at the above address or toll free number.

Sincerely,

Karen Aller
Supervisory Loan Officer

SBA Application Number:  0004450882 / LM: 04

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Consumer Response Center, Federal Trade Commission, Washington, D.C. 20580.

UNOFFICIAL COPY



State Bar of Wisconsin Form 5-2003
**PERSONAL REPRESENTATIVE'S DEED**

Document Number | Document Name

**DOC. # 10566056**

RECORDED:
05/19/2016 1:29 PM
JOHN LA FAVE
REGISTER OF DEEDS
MILWAUKEE COUNTY, WI
AMOUNT: 30.00
FEE EXEMPT #: 77.25 (11)

**THIS DEED**, made between ___ SARA L. EBERHARDY ___

as Personal Representative of the estate of ___ RONALD SHERRILL, SR. ___
("Decedent"),

("Grantor," whether one or more), and KIMYRON BONNER,
RONALD SHERRILL, JR., DARRON SHERRILL, AND ANTONY M. FISHER,
AS TENANTS IN COMMON

("Grantee," whether one or more).

Grantor conveys to Grantee, without warranty, the following described real estate, together with the rents, profits, fixtures and other appurtenant interests, in ___ Milwaukee ___ County, State of Wisconsin ("Property") (if more space is needed, please attach addendum):

Lots Fourteen (14) and Fifteen (15), Block Four (4), Sherman Gardens, Being a subdivision of a part of the Northeast one-quarter (1/4) of Section Three (3), in Township Seven (7) North, Range Twenty-one (21) East, in the City of Milwaukee, Milwaukee County, Wisconsin.

Commonly known as: 6446 W. Fond du Lac Ave., Milwaukee, WI 53218.

This transfer is made subject to all liens, mortgages and encumbrances of record.

This document is exempt from the Transfer Tax Fee per Wis. Stat. 77.25(11).

Recording Area

Name and Return Address
Attorney Sara L. Eberhardy
R.O.D. Box 159

226-0546-7
Parcel Identification Number (PIN)

This **IS NOT** homestead property.
(is) (is not)

Personal Representative by this Deed does convey to Grantee all of the estate and interest in the Property which Decedent had immediately prior to Decedent's death, and all of the estate and interest in the Property which the Personal Representative has since acquired.

Dated ___ 5-16-16 ___

**PERSONAL REPRESENTATIVE:**

_Sara L. Eberhardy_ (SEAL) _____ (SEAL)
* SARA L. EBERHARDY *

| **AUTHENTICATION** | **ACKNOWLEDGMENT** |
|---|---|
| Signature(s) ___ | STATE OF WISCONSIN ) |
| | ) ss. |
| authenticated on ___ | MILWAUKEE COUNTY ) |
| | Personally came before me on __5/16/16__ |
| * ___ | the above-named SARA L. EBERHARDY |
| TITLE: MEMBER STATE BAR OF WISCONSIN | to me known to be the person(s) who executed the foregoing |
| (If not, authorized by Wis. Stat. § 706.06) | instrument and acknowledged the same. |
| | _Amanda R. Runte_ |
| THIS INSTRUMENT DRAFTED BY: | * AMANDA R. RUNTE * |
| Atty Sara Eberhardy, Eberhardy & Eberhardy, LLP | Notary Public, State of Wisconsin |
| 4600 S. Packard Ave., Ste. #3, Cudahy, WI 53110 | My Commission (is permanent) (expires: 2/12/2019 ) |

(Signatures may be authenticated or acknowledged. Both are not necessary.)
NOTE: THIS IS A STANDARD FORM. ANY MODIFICATIONS TO THIS FORM SHOULD BE CLEARLY IDENTIFIED.
PERSONAL REPRESENTATIVE'S DEED © 2003 STATE BAR OF WISCONSIN FORM NO. 5-2003
* Type name below signatures.

**Exhibit G**



**U.S. SMALL BUSINESS ADMINISTRATION**
200 W. SANTA ANA BLVD., STE. 180
SANTA ANA, CALIFORNIA 92701

October 10, 2014

## NOTICE OF DEFAULT & ACCELERATION OF PROMISSORY NOTE

**FIRST CLASS MAIL**

SATIN WAVE, LTD
ESTATE OF RONALD SHERRILL
6446 W FOND DU LAC AVE
MILWAUKEE  WI 53218

Re:  SBA Loan No.:        3912086007

Dear Sir or Madam:

The promissory note you executed on 12/1/2010, in connection with a loan made by the U.S. Small Business Administration in the original amount of $83,400.00, which was subsequently increased to $103,900.00, is in default because of the default judgment.

Because of this serious uncured breach in the terms and conditions of said Note, this Agency does hereby declare the entire balance of indebtedness as of July 18, 2018, due and payable.  The outstanding balance due is:

| | |
|---|---|
| Principal Balance | $ 66,191.41 |
| Accrued Interest Through 7/18/18 | $    466.78 |
| Total Due SBA | $ 66,658.19 |
| | |
| Daily Rate of Accruing Interest | $ 7.25 |

**Demand is hereby made upon you for payment of the entire balance due.  Should you not comply with this demand by October 24, 2014 , we shall feel justified in taking such legal and other action, including foreclosure, as we may deem necessary or appropriate to protect the Government's Interest. Payment on your loan should be sent to the payment address indicated on your monthly billing statement. There is also a faster, easier method of submitting your payment electronically by using Pay.Gov. The Pay.Gov web address is www.pay.gov.  Pay.Gov is a secure website which can be used with a debit/credit card or payment made directly from your bank account.**

If payment is not forthcoming and the SBA is forced to refer your file to the United States Attorney and/or the Treasury Department for enforced collection, substantial collection fees and costs shall be added to your account.

If you would like to discuss this matter, please call NDLRC, Santa Ana at (855) 778-3154

Website:  http://www.sba.gov/content/national-disaster-loan-resolution-center-ndlrc

Sincerely,


Central Processing Unit

**Exhibit H**



# SMALL BUSINESS ADMINISTRATION
### Office of the Chief Financial Officer
### Denver Finance Center
### Programmatic Accounting Division
### Denver, CO 80259

## CERTIFICATE OF INDEBTEDNESS

I, Patrick C. Henning, Accountant, Programmatic Accounting Division, Denver Finance Center, Office of the Chief Financial Officer, Small Business Administration, do hereby certify as such officer that I have the authority to make this Certificate and that the financial records of said Small Business Administration are under my custody including the records which are maintained in connection with a loan to: Satin Wave LTD. SBA Loan #3912086007.

Enclosed as Exhibit "A" is a Statement of Account and Transcript of Account relating to said loan, certified as true by Patrick C. Henning, Accountant, Programmatic Accounting Division, Denver Finance Center, Office of the Chief Financial Officer, Small Business Administration. Said Statement of Account and Transcript of Account are true and correct to the best of my personal knowledge and from my examination of the books and records of the Small Business Administration with respect to said loan, and are hereby incorporated with and made part of this certificate.

Executed this 6th[th] day of February, 2019 _____

Patrick C. Henning, Lead Accountant

I, Julie Anne St Germain, a Notary Public in and for the State of Colorado, do hereby certify that the above named Supervisory Accountant is employed by the United States Small Business Administration, and that such officer has custody of the official financial records of the Small Business Administration.

My commission expires: January 8, 2022 _____

Julie Anne St Germain

> JULIE ANNE ST GERMAIN
> NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID 20144000961
> MY COMMISSION EXPIRES JANUARY 08, 2022

**Exhibit I**



# SMALL BUSINESS ADMINISTRATION
### Office of the Chief Financial Officer
### Denver Finance Center
### Programmatic Accounting Division
### Denver, CO 80259

## CERTIFIED STATEMENT OF ACCOUNT

### As of February 6th, 2019

Loan Number: 3912086007
Name: Satin Wave LTD
Address: 6446 W Fond Du Lac Ave, Milwaukee, WI 53218
Total Amount Disbursed:

| | | |
|---|---|---|
| Loan | $ 86,000.00 | |
| Care and Preservation of Collateral | $ 0.00 | |
| Recoverable Expenses | $ 24,770.19 | |
| Total Amount Disbursed | | $ 110,770.19 |
| Less: Repayments (prin) | | $ 22,608.59 |
| Plus: Returned Checks | | $ 0.00 |
| Current Balance | | $ 88,161.60 |
| Add: Accrued & Purchase Interest | | $ 13,308.55 |
| Total Charges Outstanding | | $ 101,470.15 |
| Less: Escrow Balance | | $ 0.00 |
| | | |
| Total Indebtedness | | $ 101,470.15 |

Interest calculated at a rate of 4.000% thru 02/06/2019 with interest presently accruing at a rate of $9.66 per day.

Date of Last Transaction       Interest Paid Through

08/09/2018

Certified to be a true and accurate statement as reflected by the official accounting records of the Small Business Administration

_____    2/6/19
Patrick C. Henning, Lead Accountant      Date

SBA FORM 596 B (8-81)

# TRANSCRIPT OF ACCOUNT - SBA SERVICED, SINGLE INTEREST RATE LOAN

SATIN WAVE LTD.

LOAN NUMBER: [illegible]

## SBA

**U.S. Small Business Administration**
Denver, CO 80259

| EFFECTIVE DATE | INT DAYS | LOAN PRINCIPAL BALANCE | DISBURSE/DPC | REMITTANCE | | | | RATE | |
|---|---|---|---|---|---|---|---|---|---|
| 10/12/2011 | | 36,000.00 | | $ | $ 36,000.00 | $ | | 9.000% | 2 |
| 11/28/2011 | 47 | | $ 1,000.00 | $ 557.04 | $ 85,442.96 | $ 442.96 | | 4.000% | 1 |
| 12/23/2011 | 55 | | $ 1,000.00 | $ 765.91 | $ 84,676.05 | $ 234.09 | | 4.000% | 1 |
| 1/27/2012 | 35 | | $ 1,000.00 | $ 675.21 | $ 84,001.84 | $ 324.79 | | 4.000% | 1 |
| 2/27/2012 | | | $ 1,000.00 | $ 719.61 | $ 83,287.22 | $ 353.87 | | 4.000% | 1 |
| 3/26/2012 | 28 | | $ 1,000.00 | $ 744.43 | $ 82,542.79 | $ 255.57 | | 4.000% | 1 |
| 4/26/2012 | 31 | | | $ 818.86 | $ 81,723.93 | $ 233.14 | | 4.000% | 1 |
| 5/22/2012 | 26 | | $ 1,000.00 | $ 766.86 | $ 81,056.55 | $ 233.14 | | 4.000% | 1 |
| 6/22/2012 | 31 | | $ 1,000.00 | $ 727.09 | $ 80,331.46 | $ 272.91 | | 4.000% | 1 |
| 7/3/2012 | 31 | | $ 4,000.00 | | $ 79,604.63 | $ 272.91 | | 4.000% | 1 |
| 7/31/2012 | 31 | | $ 1,000.00 | $ 706.17 | $ 78,151.45 | $ 293.83 | | 4.000% | 1 |
| 8/27/2012 | 34 | | $ 1,000.00 | | $ 78,151.45 | $ 293.83 | | 4.000% | 1 |
| 9/24/2012 | 32 | | $ 1,000.00 | $ 728.60 | $ 76,662.66 | $ 271.40 | | 4.000% | 1 |
| 10/22/2012 | | | $ 1,000.00 | $ 663.91 | $ 76,298.72 | $ 336.09 | | 4.000% | 1 |
| 11/21/2012 | 48 | | $ 700.00 | $ 298.65 | $ 76,000.07 | $ 401.35 | | 4.000% | 1 |
| 2/19/2013 | | | $ 700.00 | $ 459.04 | $ 75,549.93 | $ 240.80 | | 4.000% | 1 |
| 3/20/2013 | 18 | | $ 700.00 | $ 550.97 | $ 74,998.96 | $ 149.03 | | 4.000% | 1 |
| 4/8/2013 | | | $ 700.00 | $ 742.55 | $ 74,353.75 | $ 257.45 | | 4.000% | 1 |
| 5/9/2013 | 32 | | $ 700.00 | $ 438.55 | $ 74,115.20 | $ 261.45 | | 4.000% | 1 |
| 6/10/2013 | 29 | | $ 700.00 | $ 465.96 | $ 73,842.62 | $ 234.04 | | 4.000% | 1 |
| 7/2/2013 | | | $ 700.00 | | $ 73,659.42 | $ 234.04 | | 4.000% | 1 |
| 8/6/2013 | 28 | | $ 700.00 | $ 484.98 | $ 73,176.66 | $ 215.02 | | 4.000% | 1 |
| 9/3/2013 | 27 | | $ 700.00 | | $ 72,967.63 | $ 209.03 | | 4.000% | 1 |
| 9/26/2013 | | | $ 2,100.00 | $ 438.37 | $ 72,184.14 | $ 209.03 | | 4.000% | 1 |
| 10/30/2013 | 27 | | $ 700.00 | $ 432.62 | $ 70,908.53 | $ 267.38 | | 4.000% | 1 |
| 1/2/2014 | 27 | | $ 700.00 | $ 590.29 | $ 70,184.82 | $ 267.38 | | 4.000% | 1 |
| 2/7/2014 | 35 | | $ 700.00 | $ 518.39 | $ 69,275.91 | $ 256.14 | | 4.000% | 1 |
| 3/11/2014 | 34 | | $ 700.00 | $ 443.86 | $ 68,299.07 | $ 256.14 | | 4.000% | 1 |
| 4/2/2014 | | | $ 700.00 | $ 469.38 | $ 67,824.81 | $ 230.62 | | 4.000% | 1 |
| 5/5/2014 | | | $ 700.00 | $ 618.39 | $ 67,414.10 | $ 230.62 | | 4.000% | 1 |
| 5/28/2014 | 34 | | $ 700.00 | | $ 66,934.07 | $ 241.91 | | 4.000% | 2 |
| 6/7/2014 | 31 | | $ 700.00 | | $ 66,191.41 | $ 241.91 | | 4.000% | 2 |
| 7/14/2014 | 33 | | $ 700.00 | $ 438.47 | $ 65,691.41 | $ 230.62 | | 4.000% | 2 |
| 8/7/2014 | | | $ 700.00 | | $ 65,691.41 | $ 241.91 | | 4.000% | 2 |
| 9/9/2014 | | | $ 200.00 | $ 617.73 | $ 65,691.41 | $ 129.19 | | 4.000% | 2 |
| 10/3/2014 | 18 | | | $ 30.95 | $ 65,591.41 | $ 70.95 | | 4.000% | 2 |
| 10/31/2014 | | | $ 700.00 | | $ 65,591.41 | $ 70.95 | | 4.000% | 2 |
| 11/17/2014 | 10 | | $ 140.00 | $ 739.34 | $ 65,131.41 | $ 71.22 | | 4.000% | 2 |
| 12/9/2014 | | | $ 700.00 | $ 889.37 | $ 64,431.41 | $ 157.03 | | 4.000% | 2 |
| 1/8/2015 | 30 | | | $ 1,108.20 | $ 63,731.41 | $ 211.83 | | 4.000% | 2 |
| 5/5/2015 | | | $ 475.00 | $ 851.28 | $ 63,731.41 | $ 351.80 | | 4.000% | 2 |
| 9/21/2016 | 119 | | $ 850.00 | $ 5,454.69 | $ 64,756.41 | $ 833.41 | | 4.000% | 2 |
| 11/7/2016 | 47 | | $ 14,199.99 | $ 5,708.27 | $ 78,896.40 | $ 332.24 | | 4.000% | 2 |
| 12/7/2017 | 395 | | $ 8,865.20 | $ 9,200.47 | $ 87,761.60 | $ 3,415.24 | | 4.000% | 2 |
| 8/8/2018 | | | $ 400.00 | | $ 88,161.60 | $ 223.84 | | 4.000% | 2 |
| 2/5/2019 | 180 | | | $ 13,298.89 | $ 88,161.60 | $ 1,739.08 | | 4.000% | 2 |

Case 2:19-cv-00398-LA   Filed 03/19/19   Page 3 of 4   Document 1-9

**TRANSCRIPT OF ACCOUNT - SBA SERVICED, SINGLE INTEREST RATE LOAN**

| SBA | U. S. Small Business Administration |
|---|---|
| | Denver, CO 80259 |

SATIN WAVE LTD.

LOAN NUMBER 59036607

| | TEEN TEENAGE ROGUE LTD. | | REMITTANCE | | | | | |
|---|---|---|---|---|---|---|---|---|
| EFFECTIVE DATE | INT DAYS | DISBURSE/CPC | | | | | | |
| 2/6/2015 | $ 110,770.19 | $ 31,200.00 | $ 22,608.59 | $ 8,591.41 | $ 88,161.601 | $ 13,018.55 | $ 9.966 | 4.000% |
| **Total** | $ 110,770.19 | $ 31,200.00 | $ 22,608.59 | $ 8,591.41 | 88161.6 | 13308.55 | 21,899.96 | 4.000% |

LISTED ABOVE IS A TRANSCRIPT OF ACCOUNT AS OF THE DATES INDICATED, TAKEN FROM THE RECORDS OF THIS AGENCY.

AUTHORIZED SIGNATURE _[signature]_ Acctng Tech    DATE 2/6/19

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box: ☐ Green Bay Division ☐ Milwaukee Division

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

Case 2:19-cv-00398-LA Filed 03/19/19 Page 1 of 2 Document 1-10

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**       **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**       **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**       **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**       **Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**       **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**       **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.       Example:       U.S. Civil Statute: 47 USC 553
                                                                     Brief Description: Unauthorized reception of cable service

**VII.**       **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**       **Related Cases**.  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.